Okay, our final case this morning is number 17, 1436 in Re Dai. Mr. Wang. Please record. I'm George Wang for our panel. In this case, the board of PTO met two errors, which requires reversal. First, the board improperly shifted the burden of proof to the opponent before the examiner made a prima facie case that they claimed the invention is impotent. Second, the board Your argument in the brief seems to rest on the notion that the board erroneously found that META discloses a single chip that has everything on it except for one item. In fact, if you look at 27 and 28 of the appendix, which is the examiner's answer, which was approved by the board, the examiner makes it clear, responding to the argument that META doesn't disclose such a chip, that it still would have been obvious even though you would have to put things on the chip which META doesn't explicitly disclose. I believe that the board never gets the issue of obviousness. I will bring back to the second error the board met. The board adopted the in its entirety the examiner's finding for facts and the conclusion of the law without knowing what is the examiner's findings and conclusions. I think they were confused with anticipation and obviousness in this case. For that, I would like to The board did issue a decision, right? The board issued a decision? The board issued a decision adopting the examiner's conclusions as its own. For that, I would What's wrong with the examiner's conclusions as adopted by the board? Because that never met upon official case of obviousness. And I'd like to direct the court's attention to the appendix, page four, last paragraph, where the board stated, I quote, In particular, opponents have not provided persuasive evidence to distinguish pixel electrodes and the driver circuit formed on a semiconductor substrate told by META from the integrated color air-course display chip as claimed. And that statement implies that the examiner had met upon official case that META disclosed something that is indistinguishable from the chip as claimed. The question is, where in the record can you find that the examiner met such a case? The answer is nowhere. But the examiner on pages three and four of the answer, which are cited by the board, made a determination that even though META doesn't disclose putting all these things, say, one item on a chip, that it would have been obvious to do that. And what's wrong with the examiner's conclusion in that respect? The examiner's incorrectness is that the examiner never recognized that the difference between the functionalities in a single chip. That's not true. I mean, he specifically recites that argument that he made on appendix 27, and then he says he doesn't agree with it. Even though META doesn't disclose having all these things on a single chip, it would have been obvious to combine them onto a single chip, because META talks about combining various features onto a chip. Excuse me, which paragraph are you referring to? Page 28, the examiner disagrees with the appellant's premises and conclusion. Yes, the examiner, of course, always disagrees, but, for example, we... But that's... He asked me which paragraph. I'm just identifying which paragraph. Oh, okay. I'm sorry. I apologize. It's not that language. It's the language in the rest of the paragraph, that it would have been obvious to one of ordinary skill in the art at the time of the invention to try to integrate the display chip on a single chip or plural chips with reasonable expectation of success. On the record, there's nothing there to show that it is obvious to take the opponent from Glenn into the META device. But that is not even the most important thing in this case. In this case, the major difference is that the META device is a physically separate component. Our device is a single chip. That's the focus we try to make clear to the examiner. That was the exact argument that the examiner was responding to. He said, I disagree with that. And he explains why. The examiner disagrees with that. The examiner is citing paragraph 6 of a META reference. And if you look at the paragraph 6 of a META reference, that paragraph 6 refers to a component, which is just one component which is necessary to display, to perform the function of a single chip. That paragraph 6 refers to the L-course display device, which is corresponding to RGB, which is corresponding to one of the five components resorted in the claim, which is also paragraph 6 is not an entire META device. It's one of seven META device components. So there, the examiner confused a part of the component with the entire component, which is the relationship between what is disclosed in paragraph 6 and the META device itself is a part versus a whole. That's the difference. And as you can see clearly, the board even not get clear. It said, ask us to rebuttal the examiner's position. But the examiner never said that the META has disclosed that device, which comprises every element recited in the claim. And how can we rebut something that is not even put forward by the examiner? And from that same sentence in the decision, also implies that the examiner's rejection was made in section 102, anticipation. And the record indicated that the examiner rejected the claim under section 103, obviousness. He never made any anticipation rejections. And with that, the board shortcut the analysis process. The board never goes to address the issues that is related to the obviousness. For example, that there's no motivation to incorporate the two references. And also, the META reference itself has passages, has teachings that are teaching away from integration into a single chip. Because for the purpose of the META device, it cannot be integrated in a single device. And the opponent's device as recited in the claim is a single device. So because of those errors, the board's decision cannot be correct. And he never goes into, get into the issues that raised by the opponent, the issues before the board. Subject to any questions you may have, I'll reserve my time for rebuttal. Okay. Thank you, Mr. Wang. Thank you, Mr. Borman. May it please the court. This is the way I see this case. Appellant cites the, or claims that the novel feature of their application is the idea of chip integration. The examiner looked to the META reference, found that it disclosed multiple instances of chip integration, not necessarily the specific components described in the claim, but still found that based on those references, it would have been obvious to one of ordinary skill to try to integrate the display circuit recited in claim eight. And this was, as your Honor stated, this answer on appendix pages 27 and 28. Well, looking at claim eight, I mean, does a claim even limit all of this to a single chip? Does it say that? Is a single chip claimed here? This was kind of what the story of the prosecution, the original claim just said at the beginning, a color Elkos display chip. And it changed it to an integrated. Exactly. It's the word integrated that implies that it's in a single chip. And that was added after the final rejection. So the office has treated this as claiming all these components in a single chip. And the examiner addressed this issue as well. Yes. And after the final rejection and advisory action, the examiner cited multiple instances and made a reference disclosing chip integration. And then, as we talked about in the examiner's answer, provided a rationale. He provided a rationale for why one of ordinary skill would find this obvious, which the board adopted. And the thing that I was always looking for in this case was there was nothing in the application, nothing in the briefing to the board, nothing in the briefing to this court explaining why integrating these components couldn't have been done in the prior art. What problem was overcome by this application? Why this was just a novel feature? Given the lack of any claim that chip integration, that they solved some problem that allowed for chip integration, I think it's sufficient to look at the prior art instances of chip integration and say that given that it would have been obvious for one of ordinary skill in the art to try to integrate these claim components. There's nothing further. Okay. Thank you, Mr. Foreman. Mr. Wang, anything more? The first issue I'd like to address, my friend raised the amendment. Amendment on this case is unnecessary. The opponent amended this claim because we just tried to avoid unnecessary dispute on that, because originally it's reciting a chip. A chip, by definition, is integrated service. There's nothing complicated about that. But the examiner initially didn't see that. Once we argued that, he said, you didn't say integrated. We said, we're citing it's on the record that the chip, the definition, what is the chip, which is in the record. In addition, otherwise the examiner will say this is a new matter. There's no new matter raised by the examiner. The second issue, the counsel for PTO, again, it's just like the board, shift the burden. He asked the applicant to say why this integration is non-obvious. Instead of, I think the law requires the patent office to come forward to carry out a prima facie case of why this chip integration is obvious. That he hadn't done nothing in the record. Three, in the record, you can show we have distinguished the claimed chip from paragraph six. Paragraph six is a true component. It's a pixel combined with the circuit, which just turned the pixel on and off, which is only part of several functionality, which is incorporated in the claimed chip. How can the board seems to suggest that chip, paragraph six, is indistinguishable from what is claimed? If anyone read that, they would know that they're just a part of what is a whole. I would emphasize the component referenced in meta paragraph six is corresponding to RGB executive circuit resulted in the claim. That is one of the five specific component resulted in the claim. Also, the component, the circuit, the integrated chip referenced in paragraph six is also one of the seven component, the meta's device, that has a seven separate one. That the paragraph six component is just one of the seven. The board based its decision on the examiner's finding that the chip referenced in paragraph six is indistinguishable from what was recited in claim eight, that is a sole independent claim in this case. That is clearly incorrect. Also, council addressed that the reason why the seven different things, you try to integrate them in a single chip is obvious. In the red brief, they said it's a design choice. It is not. Integrating circuitry on a chip is not like you plug in the Lego blocks and always involve the modification of the underlying circuit. There is a clear reference in the record, reference itself, the reference recited by the examiner as obviousness. It's on the appendix, page 43. There, the meta reference itself says, what I'm reading at is the paragraph 10 of the meta reference. What it says, I just read it, in order to equalize the length of signal lines to plural liquid crystal display panel, respectively, a circuit for increased frame frequency and the liquid crystal panel drive control circuit for board to be independent from other circuit. The reference continues, with such arrangement, it is possible to suppress the problems of noise and EMI, EMC, which stands for electromagnetic interference, electromagnetic compatibility. In other words, as a person of an electromagnetic field, when you integrate them on a single chip, there were interference, and a certain circuit is okay, you can put them together, but some may not be okay. In this case, it's just the meta says, for his device, you cannot integrate them on a single circuit. If you do, there was the issue of the interference. And there are numerous examples, which I cited in my gray brief, that, for example, the circuitry with a large capacitor, you cannot be integrated with other circuitries. There were too much inference. So, okay, thank you, Mr. Wang, we're out of time. Thank you both.